OLD RELIABLE MUTUAL INSURANCE COMPANY, Plaintiff in Error,

v.

STATE INSURANCE BOARD, State of Oklahoma, Defendant in Error.

No. 37060.

Supreme Court of Oklahoma.

Feb. 21, 1956.

Odes Harwood, Oklahoma City, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., J. H. Johnson, Asst. Atty. Gen., Horace G. Rhodes and Jack Lawter, Asst. Ins. Com'rs and Legal Advisors, Oklahoma City, for defendant in error.

WILLIAMS, Vice Chief Justice.

Plaintiff in error, hereinafter referred to as "Company" is a tentatively formed proposed mutual fire insurance company seeking to be licensed by defendant in error, hereinafter referred to as the "Board", to write insurance under the provisions of Title 36 O.S.1951 § 379. The Company offered for consideration of the Board, at its hearing, testimony to the effect that it has cash assets in the form of a bank cashier's check in the amount of $10,000, consisting in part of premiums and inspection fees collected from prospective policy holders. The Board denied Company's application.

The Board asserts "that the plaintiff in error has failed to comply with 36 O.S. 1951 § 379, sub-section 3 · * * *." Sub-division 3 of said section 379, provides as follows:

"A premium upon each application shall be collected in cash, and the corporation shall hold total cash assets of not less than twice the maximum single risk assumed subject to one fire, nor less than ten thousand dollars ($10,000.00)."

Company, replying and referring to said sub-section 3, supra, says: "The above statute is interpreted by this Plaintiff in Error to mean $10,000.00 cash—no less, and this we have complied with * * *." The rationale of Company's contention is that the meaning of such statutory requirement is only that the Company must have $10,000 in cash at time of application, whatever may be the amount of its liabilities. We do not agree.

Under the facts and circumstances of this case as disclosed by the record, we hold that the Company did not comply with the requirements of 36 O.S.1951 § 379, and the action of the Board in denying the application was correct.

The order of the Board is therefore affirmed.

JOHNSON, C. J., and HALLEY, BLACKBIRD, JACKSON and HUNT, JJ., concur.